UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON L. CARROLL,<br><br>       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>       Defendant. | CASE NO. 3:15-CV-05526-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 6.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the medical opinions from one of Plaintiff's examining psychologists and two of the state agency medical consultants. Therefore, this matter is reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

ORDER ON PLAINTIFF'S COMPLAINT - 1

**PROCEDURAL & FACTUAL HISTORY**

On August 3, 2012, Plaintiff filed applications for DIB and SSI. *See* Dkt. 9, Administrative Record ("AR") 273-282. Plaintiff alleges she became disabled on August 16, 2010, due to a range of impairments, including depression, anxiety, post-traumatic stress disorder, borderline personality disorder, irritable bowel syndrome, arthritis in hips and back, and numbness in her feet and legs. *See* AR 378. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 102, 103, 160, 161. A hearing was held before ALJ David DeLaittre on August 27, 2013, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 33.

On September 24, 2013, the ALJ found Plaintiff was not disabled within the meaning of Sections 1614(a)(3)(A), 216(i), and 223(d) of the Social Security Act. AR 23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 26, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On July 29, 2015, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ erred by: 1) failing to properly evaluate the medical opinion evidence; 2) failing to properly evaluate Plaintiff's testimony; 3) failing to properly evaluate the lay witness evidence; 4) failing to properly assess Plaintiff's residual functional capacity ("RFC"); and 5) basing his findings at Step Five of the sequential evaluation on an incomplete RFC. Dkt. 13, p. 1. Plaintiff also argues the Commissioner violated Plaintiff's constitutional right to procedural due process by failing to incorporate 58 pages of additional medical records which

were submitted to—but not considered by—the Appeals Council, into the administrative record. Dkt. 13, pp. 1-2.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I.     Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

**A. Standard**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must

explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Application of Standard

The ALJ assigned Plaintiff the RFC to perform light work, which is defined as lifting and/or carrying up to twenty pounds occasionally and ten pounds frequently, standing and/or walking up to two hours and sitting up to six hours all within an eight hour work day with normal breaks. AR 18. The ALJ also limited Plaintiff to work with things and not people, found Plaintiff should not work in a team work environment, but is capable of working independently with some supervision, and is capable of performing simple repetitive tasks. AR 18. Plaintiff contends this RFC finding was erroneous, as the ALJ improperly rejected the more restrictive limitations contained in medical opinions rendered by two examining psychologists, Dr. Terilee Wingate and Dr. Jesse McClelland and four non-examining, consulting psychologists and physicians, Dr. Eugene Kester, Dr. Thomas Clifford, Dr. James Bailey, and Dr. Norman Staley.

#### 1. *Terilee Wingate, Ph.D.*

Dr. Wingate examined Plaintiff on October 18, 2012. AR 503. During the examination, Plaintiff reported emotional lability, anger management issues, and other depressive symptoms. AR 503-05. On mental status examination, Plaintiff presented with dysphoric mood and blunted affect, completed five digits forward but only three backward, and made errors during serial 7's. AR 505. Dr. Wingate also administered the Rey 15 factor test (a screening test for memory

malingering), the results of which suggested Plaintiff "may not be performing at an optimum level on the mental status examination." AR 505.  Dr. Wingate diagnosed Plaintiff with anxiety disorder NOS and borderline personality disorder (primary diagnosis). AR 506. Dr. Wingate opined Plaintiff would be able to understand, remember, and complete simple and routine tasks, and might be able to do complex tasks. AR 506. However, Dr. Wingate also opined Plaintiff would have difficulty sustaining a daily and weekly work schedule without interruption from her mood and anger issues, would have poor stress tolerance and strike out verbally when demands are placed upon her, and would have difficulty interacting with coworkers or the public. AR 506-07.

The ALJ gave Dr. Wingate's opinion significant weight. AR 20. Importantly, the ALJ cited Dr. Wingate's opinion Plaintiff would be capable of understanding, remembering, and completing simple and routine tasks, and would have difficulty interacting with coworkers or the public, but failed to cite Dr. Wingate's opinion Plaintiff would have difficulty sustaining a daily and weekly work schedule without interruption from her mood and anger issues, and failed to incorporate this limitation into Plaintiff's RFC. AR 18, 20. Plaintiff argues this was harmful error, and the Court agrees.

An ALJ is not required to adopt the opinion of an examining physician or psychologist; however, in order to reject all or part of a medical opinion, an ALJ must offer at least a specific and legitimate reason for doing so. *See Nguyen*, 100 F.3d at 1466 (*citing Lester,* 81 F.3d at 831). *See also Flores*, 49 F.3d at 571 (an ALJ "may not reject 'significant probative evidence' without explanation."). An ALJ errs by purporting to give great weight to an examining physician, yet failing to include all of the physician's opined limitations into the RFC. *See Betts v. Colvin*, 531 Fed.Appx. 799, 800 (9th Cir. 2013) (finding the ALJ committed reversible error by purporting to

give great weight to an examining physician, yet failing to include many of the physician's opined limitations in the RFC). Here, though the ALJ gave great weight to Dr. Wingate's opinion, the ALJ failed to offer any reason for failing to include her opinion Plaintiff would have difficulty sustaining a daily and weekly work schedule without interruption from her psychological symptoms in Plaintiff's RFC. AR 20. The ALJ's failure to incorporate this limitation into the RFC finding, or otherwise provide a specific and legitimate reason for rejecting this limitation, renders the ALJ's RFC finding incomplete and unsupported by substantial evidence. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Betts*, 531 Fed.Appx. at 800.

Defendant argues the ALJ was not required to include every facet of Dr. Wingate's opinion in the RFC, because the ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). Defendant's argument is inapposite. The medical opinion at issue in *Rounds* included several specific "treatment recommendations" which the Court found the ALJ was not required to rely upon. *Rounds*, 807 F.3d at 1006 ("Rounds should (a) avoid math or use a calculator, (b) write information down and use various memory aids, (c) request that instructions be repeated and provided both verbally and in writing, and (d) limit customer or public contact."). As the Ninth Circuit previously noted in *Stubbs-Danielson*, an ALJ may translate a claimant's condition, including an examining psychologist's opinion which is couched in ambiguous terms, "into the only concrete restrictions available to him—[another examining psychologist's] recommended restriction to 'simple tasks.'" *Stubbs-Danielson*, 539 F.3d at 1174. Unlike the situation presented in *Stubbs-Danielson* and *Rounds*, however, Dr. Wingate's opinion Plaintiff had difficulty in her

ability to sustain a daily and weekly work schedule without interruption from her psychological symptoms is precisely the sort of concrete, vocationally-relevant functional restriction an ALJ should consider when formulating an RFC and propounding hypotheticals to a vocational expert. *See, e.g.*, *Ryan v. Commissioner of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). *See also, e.g.*, *Betts*, 531 Fed.Appx. at 800; *Morinskey v. Colvin*, 458 Fed.Appx. 640, 641 (9th Cir. 2011); *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). Rather than "translating" Dr. Wingate's opinion into a succinct RFC, Defendant's argument would allow the ALJ to effectively read limitations out of a doctor's opinion by ignoring them entirely.[1]

Because the ALJ did not provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Wingate's opined limitation Plaintiff would have difficulty in her ability to sustain a daily and weekly work schedule without interruption from her psychological symptoms, the ALJ committed harmful error requiring remand.

*2. Jesse McClelland, M.D.*

Dr. McClelland examined Plaintiff on April 15, 2011. AR 478. During her clinical interview, Plaintiff relayed a history of depression and anxiety, as well as physical and psychological abuse. AR 478. On mental status examination, Plaintiff presented with constricted and depressed affect, but was appropriately dressed and well groomed. AR 480. Plaintiff was only able to recall one out of three objects after five minutes, and presented with "fair" judgment

---

[1] Defendant cites to a previous decision of this Court to argue an ALJ's interpretation of medical opinion evidence should not be disturbed when it is "rational." Dkt. 14, p. 8 (citing *Rost v. Colvin*, No. 15-540, 2015 WL 6829641, at *4 (W.D. Wash., 2015). However, in *Rost*, the ALJ discounted a physician's opinion through a rational interpretation of the physician's examination notes and inconsistencies between those notes and the administrative record. *Rost*, 2015 WL 6829641, at *4. As the ALJ provided no reasoning whatsoever for excising a vocationally-relevant restriction from Dr. Wingate's opinion and the RFC, the situation presented in this case is more akin to an impermissible *post hoc* rationalization; one which the Court will not entertain. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009)

and insight, but otherwise performed within normal limits. AR 480-81. Dr. McClelland diagnosed Plaintiff with: major depressive disorder, severe, recurrent without psychotic features; posttraumatic stress disorder, chronic; and Cluster B traits. AR 481. As a result of her impairments, Dr. McClelland opined Plaintiff retained the ability to perform simple and repetitive tasks, but may struggle with detailed and complex tasks due to the cognitive effects of depression and anxiety. AR 482. Dr. McClelland also opined Plaintiff would have difficulty accepting instructions from supervisors, may struggle to engage appropriately with supervisors, coworkers, or the public, and may struggle to maintain regular attendance in the workplace and complete a normal workday/workweek without interruptions from a psychiatric condition. AR 482.

The ALJ gave Dr. McClelland's opinion less than full weight for the following reason:

> [1] Dr. McClelland appears to rely on the subjective complaints of the claimant rather than his own observations of the claimant. For example, he noted that the claimant had presented to the appointment on time, that she was well-groomed, and that she was polite and cooperative. [AR 477-83]. He also noted that the claimant had good eye contact, and that she presented with normal thought processes and thought content. [AR 480]. [2] Finally, as noted above, on the mental status examination administered by Dr. McClelland, the claimant was able to spell the word "world" both forward and backward, she was able to do simple mathematical calculations, and she was able to recall one out of three objects after a five minute delay.

AR 480 (numbering added). Plaintiff argues this was not a specific and legitimate reason, supported by substantial evidence, for giving Dr. McClelland's opinion less than full weight. The Court disagrees.

An "ALJ may reject a treating physician's opinion if it based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the

1 | opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, though Dr. McClelland

2 | documented Plaintiff's self-reported history and complaints, he also documented his own

3 | observations of Plaintiff's constricted and depressed affect and "fair" judgment. AR 480-81. Dr.

4 | McClelland also indicated he reviewed some of Plaintiff's medical records, and found Plaintiff's

5 | report of her history to be consistent with those records. AR 478, 480-81. Finally, Dr.

6 | McClelland administered a mental status examination. *Blessing v. Astrue*, 2013 WL 316153, *7

7 | (W.D. Wash. 2013) ("Like the physical examination, the Mental Status Examination is termed

8 | the *objective* portion of the patient evaluation.") (*quoting* Paula T. Trzepacz and Robert W.

9 | Baker, the Psychiatric Mental Status Examination, 3-4 (Oxford University Press 1993)). *See also*

10 | *Gehrman v. Colvin*, 2016 WL 792039, *4 (W.D. Wash. 2016). In light of the other clinical

11 | evidence supporting Dr. McClelland's opinion, the mere fact Dr. McClelland considered

12 | Plaintiff's subjective statements is not a specific and legitimate reason, supported by substantial

13 | evidence, for discounting the opinion.

14 | However, the ALJ also explained how Dr. McClelland's opinions were *inconsistent* with

15 | Dr. McClelland's objective testing. For example, though Dr. McClelland opined plaintiff would

16 | have difficulties getting along with supervisors, coworkers and the public, would struggle to

17 | maintain attendance, and would struggle with the usual stress encountered in the workplace, the

18 | ALJ noted Plaintiff was on time for her appointment, was well groomed, polite, and cooperative,

19 | maintained normal eye contact, and had normal thought process and content. AR 480. The ALJ

20 | could reasonably interpret Plaintiff's performance on mental status examination as inconsistent

21 | with Dr. McClelland's opined limitations. *See Morgan v. Commissioner of Soc. Sec. Admin.*, 169

22 | F.3d 595, 601-02 (9th Cir. 1999); *Tommasetti*, 533 F.3d at 1038. Thus, the ALJ did not err by

23 | giving less than full weight to Dr. McClelland's opinion.

24

*3. Eugene Kester, M.D.*

Dr. Kester, a state agency medical consultant, reviewed Plaintiff's medical records on July 26, 2011 and offered an opinion as to Plaintiff's limitations. AR 87. Dr. Kester opined Plaintiff would have moderate limitations in her ability to: respond appropriately to changes in the work setting; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors, and; get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 87. Dr. Kester also opined Plaintiff would have moderate limitations in her ability to: "carry out detailed instructions, and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR 86.

Plaintiff argues the ALJ committed harmful error by failing to discuss Dr. Kester's opinion at all in the written decision. Defendant concedes the ALJ did not cite or reference to Dr. Kester's opinion in the written decision, but argues the ALJ's failure to discuss Dr. Kester's opinion was harmless because "Dr. Kester's opinion is consistent with the ALJ's RFC finding." Dkt. 14, p. 9, n. 4. The Court disagrees. An ALJ's failure to discuss a physician's opinion is not harmless error. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Id.* at 1161. *See also Vincent,* 739 F.2d at 1394-95 (*quoting Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Defendant cites to *Molina v. Astrue* to argue any error in failing to discuss Dr. Kester's opinion was harmless, because Dr. Kester's opinion is consistent with the ALJ's RFC finding. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). *Molina*, however, is distinguishable. The

section of *Molina* cited by Defendant pertains to harmless error in failing to discuss duplicative *lay witness* testimony, rather than medical opinion evidence. *Id.* at 1115-17. Further, unlike lay witness testimony, Social Security regulations and rulings require an ALJ to consider *all* medical opinions in the record, regardless of source. 20 C.F.R. §§ 404.1520; 404.1527(b) & (c). Thus, Dr. Kester's opinion is significant, probative evidence, which the ALJ could not ignore. *See Vincent,* 739 F.2d at 1394-95 (*quoting Cotter*, 642 F.2d at 706).

Even if *Molina* were not distinguishable on this point, Dr. Kester's opinion is not consistent with the ALJ's RFC finding. In fact, Dr. Kester's opinion Plaintiff would have moderate limitations in his ability to "complete a normal workday and workweek without interruptions form psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is consistent with the limitations opined to by Dr. Wingate but not included in the RFC. AR 506; Section I(B)(1), *supra*. The consistency of a medical opinion with other opinions, as well as the whole record, is a factor an ALJ must consider when determining the weight to give to a medical opinion. 20 C.F.R. § 404.1527(c)(4). While the ALJ may not necessarily be bound by Dr. Kester's opinion, the ALJ cannot reject it through silence; the ALJ must present at least a specific and legitimate reason for doing so. *See Hill*, 698 F.3d at 1160. Thus, the ALJ's failure to discuss Dr. Kester's opinion was harmful error.

4. *James Bailey, Ph.D. and Thomas Clifford, Ph.D.*

Plaintiff also alleges the ALJ erred by failing to include all of the limitations opined to by two other state agency medical consultants, Dr. Bailey and Dr. Clifford. As with Dr. Wingate, the ALJ purportedly gave Dr. Bailey and Dr. Clifford's opinions significant weight, but failed to include all of their opined limitations in the RFC. AR 20, 114, 142. Significantly, Dr. Bailey and Dr. Clifford also opined Plaintiff would be moderately limited in her ability to complete a normal

workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. AR 114, 142. Dr. Bailey further explained Plaintiff's "anxiety and depressive symptoms will occasionally interfere with her ability to persist for a normal workday/workweek." AR 114. *See also* AR 142 (Dr. Clifford opined Plaintiff's "anxiety and [sic] symptoms and personality issues will occasionally interfere with her ability to persist for a normal workday/workweek."). As with Dr. Wingate, the ALJ's failure to incorporate these limitations in the RFC, or otherwise offer specific and legitimate reasons to discount these limitations, was harmful error. *See Hill,* 698 F.3d at 1162; *Betts*, 531 Fed.Appx. at 800.[2]

 II.   Whether the ALJ Provided Specific, Clear, and Convincing Reasons, Supported by Substantial Evidence, for Finding Plaintiff Not Fully Credible.

**A. Standard**

If an ALJ finds a claimant has a medically determinable impairment which reasonably could be expected to cause the claimant's symptoms, and there is no evidence of malingering, the ALJ may reject the claimant's testimony only "by offering specific, clear and convincing reasons." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). *See also Reddick*, 157 F.3d at 722. However, sole responsibility

---

[2] Plaintiff also alleges several other errors in the ALJ's analysis of the medical opinion evidence. For example, Plaintiff alleges the ALJ erred by rejecting GAF scores in the record, as they were, in fact, consistent with Dr. Wingate and Dr. McClelland's opinions. Plaintiff also alleges new evidence submitted to, but not considered by, the Appeals Council, undermines the ALJ's rejection of the opinion of state agency medical consultant Dr. Staley. In light of the fact the case must be remanded for further proceedings, the Court need not address these arguments at this time. However, the Court notes Plaintiff bears the burden of demonstrating how any error in rejecting Plaintiff's various GAF scores caused harm. *See, e.g.*, *VanBibber v. Carolyn [Colvin]*, 2014 WL 29665, at *3-*4 (W.D. Wash. 2014). Also, as discussed in Section V, below, the ALJ should consider the newly-submitted evidence on remand. Thus, the ALJ will have an opportunity to consider Dr. Staley's opinion in the context of this evidence.

for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971); *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). Where more than one rational interpretation concerning a plaintiff's credibility can be drawn from substantial evidence in the record, a district court may not second-guess the ALJ's credibility determinations. *Fair,* 885 F.2d at 604. *See also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

### B. Application of Standard

Plaintiff testified that she has chronic back and leg pain radiating from her middle back through her knees. AR 43. Plaintiff also testified she has low energy, a loss of interest in activities, and thoughts of suicide as a result of her depression. AR 40. Plaintiff testified, as a result of these impairments, she "struggle[d] on a daily basis to do anything," and had difficulty caring for herself, her daughter, and performing household chores due to her pain. AR 37. Plaintiff also testified she leaves her house approximately twice per week, and has previously lost jobs because she was unable to get along with others. AR 40-42. The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged

symptoms; however, the ALJ did not find *all* of the claimant's symptom allegations to be credible. AR 19.

Plaintiff argues the ALJ failed to offer clear and convincing reasons, supported by substantial evidence, for discounting her testimony. But, the ALJ cited Plaintiff's improvements with medication and therapy, as well as her noncompliance with her treatment regimen. *See* AR 19, 495, 513-14, 546-49, 552 The ALJ also cited the lack of objective medical evidence to support Plaintiff's claims of disabling physical limitations, and activities of daily living which were inconsistent with her allegations of disabling limitations. AR 19, 414-22, 461, 499-500, 515, 517, 597. These were clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv) and (v); *Molina*, 674 F.3d at 1113; *Bray*, 554 F.3d at 1227; *Tommasetti,* 533 F.3d at 1039-40; *Regennitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998); *Morgan*, 169 F.3d at 600.

However, an evaluation of a claimant's credibility relies, in part, on an accurate assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). As discussed in Section I, above, the ALJ erred in evaluating the opinion evidence from Plaintiff's examining and consulting psychologists. As this case must be remanded for further proceedings in any event, the ALJ should also reevaluate Plaintiff's credibility anew on remand.

III. <u>Whether the ALJ Provided Germane Reasons for Rejecting the Lay Witness Evidence in the Record</u>

In the Ninth Circuit, lay witness testimony is competent evidence and "cannot be disregarded without comment." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). *See also* 20 C.F.R. § 404.1413(d), SSR 06-03p, 2006 WL 2329939 at *2. However, an ALJ may discredit a lay witness' testimony with

specific reasons "germane to each witness." *Bruce,* 557 F.3d at 1115; *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010).

Here, Plaintiff's ex-husband, Kenneth Lehew completed several function reports and provided a declaration in support of Plaintiff's application. AR 338-46, 423-31, 434. Mr. Lehew stated Plaintiff was unable to work because she had conflicts with coworkers and supervisors, and had difficulty doing things others tell her to do. AR 423, 454. However, the ALJ gave little weight to Mr. Lehew's statements, because they were "inconsistent with the [Plaintiff's] ability to maintain a relationship with her current husband and to care for her small child. [They are] also inconsistent with [Plaintiff's] ability to interact appropriately with her various healthcare treatment providers [AR 461, 480, 503]." AR 21. Inconsistency between a lay witness' statements and the medical record, as well as inconsistency between a lay witness' statements and Plaintiff's activities, are germane reasons to discount a lay witness, and the ALJ did not err by doing so here. *Bayliss,* 427 F.3d at 1218 (citing *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001)). However, as the case must be remanded on other grounds, the ALJ should reevaluate the lay witness evidence in the record.

IV.     Other Assignments of Error

In addition to the foregoing, Plaintiff contends the ALJ erred by failing to properly assess Plaintiff's RFC, and by failing to properly evaluate Plaintiff's ability to perform other jobs existing in substantial numbers in the national economy at Step Five of the sequential evaluation process.

As discussed above, the ALJ erred by failing to properly evaluate the opinions of four of Plaintiff's examining and consulting psychologists. An ALJ's failure to properly evaluate all of the medical opinion evidence may result in a flawed RFC finding. *See Hill*, 698 F.3d at 1162;

SSR 96-8-p, 1996 WL 374184 at *2. Thus, the ALJ will necessarily have to re-evaluate Plaintiff's RFC on remand, and proceed on to Steps Four and Five, as appropriate.

V.     Whether the New Evidence Submitted to the Appeals Council Supports Reversal of the ALJ's Decision

Plaintiff argues the Court should review additional evidence submitted to, but not considered by, the Appeals Council. Dkt. 13, p. 16. The additional evidence consisted of 58 pages of medical records. *See*, *e.g.*, Dkt. 13, Exh.1. The Appeals Council reviewed the new submission, but elected not to consider the evidence or include it in the Administrative Record:

> We also looked at the medical record from Capital ENT dated May 21, 2014 and May 27, 2014, the medical record from Capital Urology dated March 32, 2014 through August 28, 2014, the medical record from Hawk's Prairie Vision Clinic dated August 6, 2014, the medical record Yelm Physical Therapy dated June 2, 2014, the medical record from TRA Medical Imaging dated April 11, 2014 and July 31, 2014, and the medical record from Eastside Health Care dated October 1, 2013 through September 2, 2013. The Administrative Law Judge decided your case through September 24, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 24, 2013.

AR 2. Plaintiff contends the Appeals Council's failure to include this information in the Administrative Record violated the Social Security Act, Social Security Regulations, precedent from *Brewes v. Comm'r of SSA*, 682 F.3d 1157 (9th Cir. 2012) and *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011), and procedures in HALLEX I-4-1-54. Plaintiff requests the Court determine the evidence relates back to the relevant time period and was erroneously excluded by the Appeals Council. Plaintiff also contends the additional evidence shows the ALJ decision was not based on substantial evidence and reversal is required. Dkt. 13, p. 16-18.

Sentence Six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is

good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *See Melkonyan v. Sullivan*, 111 S.Ct. 2157, 2164, 501 U.S. 89 (1991). In light of the fact the case is being remanded on other grounds, the Court need not decide whether Sentence Six applies, nor whether Plaintiff has demonstrated the necessary requirements for a remand under Sentence Six. On remand, the Commissioner is directed to evaluate the newly-submitted evidence.

VI. <u>Whether the Case Should be Remanded for an Award of Benefits or Further Proceedings.</u>

Plaintiff conclusorily argues the case should be reversed and remanded for the award of benefits, rather than for further proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has established a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, 80 F.3d at 1292. This test, often referred to as the "credit-as-true" rule, allows a court to direct an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Further, even if the ALJ has made the

three errors under *Harman* and *Smolen*, such errors are relevant only to the extent they impact the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the credit-as-true conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021 (*citing Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Here, outstanding issues must be resolved. Even if the additional limitations opined to by Dr. Wingate and the consulting psychologists were incorporated into the RFC, the record does not contain any vocational expert testimony which would establish Plaintiff would be unable to perform jobs which exist in substantial numbers in the national economy. AR 46-52. Thus, there is insufficient evidence in the record to establish Plaintiff should be found disabled as a matter of law, and the case should be remanded for additional proceedings. *See Harman*, 211 F.3d at 1180. *See also Treichler*, 775 F.3d at 1104-06.

## CONCLUSION

Based on the foregoing reasons, the Court finds the ALJ erred by failing to consider Dr. Kester's opinion, and failing to properly evaluate Dr. Wingate's opinion. Therefore, the Court orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinion evidence and lay witness evidence, reevaluate Plaintiff's credibility, reevaluate Plaintiff's residual functional capacity, and proceed on to Step Four and/or Step Five of the sequential evaluation as appropriate. The ALJ should

1  also develop the record as needed. Judgment should be for Plaintiff and the case should be
2  closed.
3     Dated this 6th day of June, 2016.

 

David W. Christel
United States Magistrate Judge